UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JUAN CARDONA IBARRA, | ) | |
| Institutional ID No. 00454-180, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-139-BG |
| FEDERAL BUREAU OF PRISONS, | ) | ECF |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Plaintiff Juan Cardona Ibarra is a federal prisoner incarcerated at Giles W. Dalby Correctional Facility (Dalby Facility), a prison operated by Management Training Corporation pursuant to a contract with the Federal Bureau of Prisons (BOP). Cardona Ibarra brings this action *pro se* claiming that his rights were violated during his incarceration at the facility and names as Defendants the BOP, Dalby Facility, Officer NFN Walmen, and Officers NFN Doe #1 and #2.

The district court permitted Cardona Ibarra to file his Complaint *in forma pauperis*, required him to submit answers to a questionnaire, and transferred his action to the undersigned magistrate judge. Cardona Ibarra did not consent to proceed before a magistrate judge.

The undersigned held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), and now files this Report and Recommendation summarizing the relevant facts and law and recommending that the district court dismiss Cardona Ibarra's Complaint pursuant to 28 U.S.C. § 1915.

**I.     Statutory Requirements**

The court is statutorily required to screen and dismiss a complaint brought *in forma pauperis* if the court determines that it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2012); *see also* 42 U.S.C. § 1997e(c)(1) (2012). An action is frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831–32, 104 L. Ed. 2d 338 (1989). An action lacks an arguable basis in law if it is based on an "indisputably meritless legal theory." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

**II.    Discussion**

   A.     *Initial Considerations*

Cardona Ibarra filed his Complaint on a form used for claims brought pursuant to 42 U.S.C. § 1983. Section 1983, however, provides a federal cause of action for damages against defendants acting under color of state law, *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002), and none of the individuals Cardona Ibarra named in this action are state actors. The court must, however, construe a complaint brought *in forma pauperis* liberally, *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994), and because Cardona Ibarra alleges constitutional violations that occurred during his incarceration as a federal prisoner, the court should construe his action as one brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389–98, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 27 n.1 (5th Cir. 1994) (construing federal prisoner's civil rights complaint as an action brought pursuant to *Bivens*).

In certain circumstances, *Bivens* provides a cause of action for damages resulting from unconstitutional acts committed under color of federal law. *Carlson v. Green,* 446 U.S. 14, 18, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980). Through a *Bivens* action, a plaintiff alleging a constitutional violation by a federal actor may seek to recover damages against the individual in federal court despite the absence of any statute conferring such a right. *Id.* A *Bivens* action is akin to an action brought pursuant to 42 U.S.C. § 1983 in that the same substantive constitutional law is applied to both types of actions; the only difference is that a *Bivens* action provides a remedy for constitutional violations committed by individuals acting under color of federal law, while a § 1983 action provides a remedy for constitutional violations committed by individuals acting under color of state law. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

B.   *Claim Against Bureau of Prisons*

Cardona Ibarra sues the BOP for assigning him to Dalby Facility, a facility he claims is unsafe. Cardona Ibarra's claim is legally frivolous. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). Although federal officers may be subject to suit under *Bivens*, federal agencies, such as the BOP, are not. *See FDIC v. Meyer*, 510 U.S. 471, 484–86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (acknowledging *Bivens's* purpose of deterring individual officers and refusing to extend *Bivens* liability to agencies of the federal government). Because *Bivens* does not provide a damages remedy against federal agencies, Ibarra Cardona cannot state a cognizable *Bivens* claim against the BOP. *See id.*

In addition and in the alternative, a prisoner does not have a constitutionally protected liberty interest in assignment to a particular facility. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).

3

To the contrary, it is within the discretion of the BOP to assign a prisoner to a particular facility. *Levine v. Apker*, 455 F.3d 71, 83 (2d Cir. 2006); *see* 18 U.S.C. § 3621(b) (2012) (directing the BOP to "designate the place of the prisoner's imprisonment"). Finally, rather than contest his unit of assignment in federal court, a prisoner confined in a private facility who contests his unit of assignment may utilize the BOP's administrative remedy program. *See Pollard v. GEO Group, Inc.*, 607 F.3d 583, 595 n.12 (9th Cir. 2010) (citing "U.S. Department of Justice, Legal Resource Guide to the Federal Bureau of Prisons"), *reversed on other grounds*, *Minneci v. Pollard*, - - -U.S.- - -, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012).

    C.    *Remaining Claims*

Cardona Ibarra's remaining claims against Dalby Facility, Officers Walmen, and Officers Doe #1 and #2 concern five extra hours he was required to work as punishment after being accused of failing to begin his work assignment on time. He contended in his answers to the Questionnaire and in his testimony at the *Spears* hearing that the accusation was false. In addition, he testified that the officers refused to listen to his legitimate excuse for being late for work and threatened to place him in special housing for one year if he did not perform the extra work. He also testified that one of the officers called him a "Mexican," and he noted in his answers to the Questionnaire that Officer Doe #2 told her supervisor that he was "just a Mexican." He claims the officer made the racial statement and gave false testimony to her supervisor in order to support the false charge against him.

According to Cardona Ibarra, his regular job assignment included tasks such as cleaning windows, wiping kitchen tables, and mopping. He claimed that the extra work, which consisted of mopping, was contrary to his medical restrictions. He specifically claimed that he

4

suffers from a hernia and was not wearing his hernia belt the day he was forced to perform the extra work. According to Cardona Ibarra, the officers ignored his contentions that mopping would aggravate his hernia. He further claims he suffered pain while mopping and has experienced continued problems with his hernia as a result of the work. Cardona Ibarra believes the officers' actions violated his right to be free from cruel and unusual punishment, constituted "punishment beyond the sentence imposed by the sentencing court," and violated his right to be free from involuntary servitude. Compl. 3.

In his prayer for relief Cardona Ibarra seeks only a jury trial. However, in the body of his Complaint he complains that administrative staff at Dalby Facility "refused to enter into an informal resolution from a compensatory relief for punitive damages in the amount of $1.5 million." *Id*. at 4.

Cardona Ibarra's claims must be dismissed on several grounds. In regard to the statements made about his ethnic heritage, such conduct does not give rise to a constitutional claim. Mere verbal harassment does not violate the Constitution. *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

To the extent Cardona Ibarra believes that the punishment of extra work was based on false accusations or that he was not provided due process, he has failed to state a claim. The Due Process Clause does not protect every change in conditions of confinement that may have an adverse effect on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Due process concerns are implicated and judicial review is required only when a disciplinary sanction "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. Courts have held that punishment in the form of extra

5

work duty does not impose "atypical and significant hardship" on a prisoner that would implicate due process concerns. *See, e.g., Hayes v. Quarterman*, No. H-08-2501, 2009 WL 2044652, at *2 (5th Cir. July 7, 2009) (holding that extra work duty does not implicate due process protections); *Pigott v. Corr. Corp. of Am.*, No. 07-2006, 2008 WL 3244001, at *3 (D. Minn. Aug. 6, 2008) (holding that prisoner was not entitled to process for sanction of extra work duty). Finally, work is a typical condition of confinement. *See Moody v. Baker,* 857 F.2d 256, 257–58 (5th Cir. 1988); *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988). Contrary to Cardona Ibarra's contentions, forcing a prisoner to work does not amount to involuntary servitude. *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001).

On the other hand, requiring a prisoner to work despite medical restrictions may constitute deliberate indifference to the prisoner's serious medical needs. *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (citation omitted). A plaintiff may establish such a claim by showing (1) the work significantly aggravated the plaintiff's medical condition and (2) the defendant knew the work would significantly aggravate the plaintiff's medical condition. *Jackson v. Cain*, 864 F.2d 1235, 1246–47 (5th Cir. 1989). However, even if the court were to assume the extra work at issue aggravated Cardona Ibarra's hernia and that Dalby Facility employees knew the extra work would aggravate his hernia but required him to perform the work despite that knowledge, his claim is not cognizable under *Bivens* and must be dismissed.

Liability under *Bivens* is limited. The Supreme Court has held that *Bivens* provides a cause of action against *federal officers* only and has refused to extend *Bivens* liability to private prisons. *See Malesko*, 534 U.S. at 71. Dalby Facility is a private prison.

The court recently refused to extend *Bivens* liability to employees of a private prison:

6

in *Minneci* the court specifically held that the plaintiff, a federal prisoner incarcerated at a private prison, could not assert a *Bivens* Eighth Amendment claim of deliberate indifference to serious medical needs against employees of the prison because the alleged deliberate indifference was the kind of conduct that typically fell within the scope of traditional tort law and the forum state's tort law provided an adequate alternative damages remedy. *Minneci*, 132 S. Ct. at 624, 626. The court concluded that *Bivens* liability was therefore inappropriate. *Id*. at 626. In short, if an adequate alternative remedy is available under state law, a prisoner incarcerated in a private facility may not seek relief under *Bivens* for constitutional violations committed by an employee at the prison. *See id*.

As applied to the facts and circumstances in Cardona Ibarra's case, the holding in *Minneci* forecloses recovery of damages against Officer Walmen and Officers Doe #1 and #2 because Texas law permits inmates to seek monetary damages from prison employees for Eighth Amendment violations. *Birdo v. Debose*, 819 S.W.2d 212, 215–16 (Tex. App.—Waco, 1991, no writ); *see also Minneci*, 132 S. Ct. at 625 (acknowledging that Texas tort law imposes duty of reasonable care on prison employees). Because state law provides an avenue through which Cardona Ibarra may seek recovery for the deliberate indifference he alleges, he may not bring a claim for *Bivens* damages in this court.

## III. Recommendation

Congress has mandated that a complaint filed *in forma pauperis* be dismissed if it is determined that the allegation of poverty is untrue or that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons stated in this Report and

Recommendation, the undersigned recommends that Cardona Ibarra s Complaint and all claims therein be dismissed pursuant to 28 U.S.C. § 1915(e)(2). It is further recommended that any pending motions be denied as moot and that the dismissal of Cardona Ibarra's Complaint be considered a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) (setting forth the standard for assessing strikes under the Prison Litigation Reform Act).

**IV.     Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:      November 14, 2012.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge